## No. 10,242.

### THE STATE OF LOUISIANA VS. DENNIS KIRBY.

Section 1 of Act 99 of March 14th, 1878, which declares that it shall be the duty of the *sheriff* of "each parish to have at each polling place in his parish a *deputy sheriff*, *whose duty* it shall be to attend the election, obey the orders of the commissioners of election, attend the transmission of the ballot boxes and commissioners' duplicate returns to the clerk of court, and, also, the duplicate returns to the sheriff or other returning officer, and for *any failure* to perform such duties, *the said sheriff shall be fined*," does not affix either fine or imprisonment, as a penalty against the disobedient *deputy*.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*Walter H. Rogers*, Attorney General, and *E. H. Luzenburg*, District Attorney, for the State, Appellee.

*McMahon & Pratt* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. The defendant appeals from a conviction under an indictment which charges that, on the 17th day of April, 1888, "being then and there a deputy to the civil sheriff of the parish of Orleans, and acting as such, being stationed as such deputy sheriff at a certain polling place in the parish of Orleans * * * on the date before said, the same being a day on which a general election was held in the parish of

Orleans pursuant to law * * his duties as such deputy sheriff being to attend the election, obey the orders of the commissioners of election, and attend the transmission of the ballot boxes and commissioners' duplicate returns to the clerk of the court, and also the duplicate returns to the sheriff or other returning officer, (he) did fail to perform such duties, etc.," and under which he was sentenced to pay a fine of $500, and to suffer imprisonment in the parish prison for three months.

He first requested the trial judge to grant him a rehearing, and upon his refusal so to do, the accused filed a motion in arrest of judgment, which embraces the same grounds of complaint, which was, also, refused, and to each of said rulings his counsel retained a bill of exceptions.

The grounds assigned are the following, viz :

1. That "because the defendant being, as alleged in said indictment, a deputy sheriff, is not criminally responsible by the laws of this State, for a failure to perform his duty relative to elections."

Other grounds are set out in the motion, but same need not be enumerated, as the one quoted is, in our opinion, fatal to the indictment.

The statute of the State claimed to have been violated is Act No. 99, approved March 14th, 1878, the first section which reads as follows:

Section 1. *Be it enacted by the Senate and House of Representatives of the State of Louisiana in General Assembly convened,* That section thirty-three of an act providing the time and manner of holding elections and making returns thereof, (the general election law) being Act No. 58, approved April 11th, 1877, be amended and re-enacted so as to read as follows: "That it shall be the duty of the commissioners themselves, or at least two of them, to carry the returns and ballot boxes to returning officers and clerks of court, as required by law, and it shall be the *duty of the sheriff* of each parish to have at each polling place in his parish a *deputy sheriff, whose duty* it shall be to attend the election, obey the orders of the commissioners of election, and attend the transmission of the ballot boxes and commissoner's duplicate returns to the clerk of court, and also the duplicate returns to the sheriff or other returning officer, *and for any failure to perform such duties,* the said sheriff shall be *fined* not less than five hundred dollars, *and imprisonment (sic)* not less than three months, at the discretion of the court., * * * * * * "

The sole question for our determination is whether the accused, as an acting and duly appointed *deputy* sheriff, is punishable, under the statute, by fine or imprisonment, for a violation of its provisions, in the non-performance of the specific duties which are imposed upon him.

Paraphrased, the law reads thus:

" It shall be the duty of the *sheriff* of each parish to have, at each polling place in his parish, a *deputy* sheriff, whose *duty it shall be*, etc; * * * and for any failure (of the deputy sheriff) to perform such duties, the *sheriff* shall be fined and imprisoned," etc.

This language is clear, unmistakable and free from ambiguity. There is no room for construction. The Legislature has not plainly, and, in terms of no doubtful import, declared that, for the failure of the deputies to perform the duties which are assigned to them, they shall be fined and imprisoned; and it is our plain duty to so construe the law. We are not at liberty to consider what is the equity of a criminal statute, when its terms are positive and free from doubt. The motion in arrest was well taken and should have been sustained.

It is therefore ordered and decreed that the verdict and sentence thereon pronounced, be annulled and set aside, the indictment quashed, and the prosecution against the accused abated.